**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**\*E-Filed 07/02/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

F.G. CROSTHWAITE, et al.,

            Plaintiffs,

    v.

JOHN D. BAKER CONSTRUCTION CO.,

            Defendant.
_____/

No. C 09-6064 RS

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT
JUDGMENT**

I.   INTRODUCTION

      Plaintiffs move for default judgment against the John D. Baker Construction Company
("Baker") pursuant to Federal Rule of Civil Procedure 55(b)(2).  This is an ERISA action for unpaid
contributions owed to the Operating Engineers Health and Welfare Trust Fund and to F.G.
Croshwaite as beneficiary.  Defendant has not responded to plaintiffs' motion, answered the
Complaint or, for that matter, appeared in this case at all.  Plaintiffs seek to recover contributions
owed for nine months in 2009, liquidated damages and interest thereon, attorney fees, and costs.

**United States District Court**
For the Northern District of California

1   After considering their motion and declarations in support, plaintiffs' motion for default judgment is

2   granted.[1]

3                                        II.   RELEVANT FACTS

4          Baker became a member of the Engineering & Utility Contractors Association (EUCA) in

5   December of 2006.  EUCA and the Operating Engineers Local Union No. 3 agreed to be bound by

6   consecutive Collective Bargaining Agreements (the "Agreement").  The agreement specifies that

7   Baker must make timely contributions to the plaintiff Trust Funds at a specified rate for each hour

8   worked by, or paid to, covered employees.  It further requires that Baker maintain reports of the

9   number of covered hours worked by each employee and any amounts owed to the Trust.  Under the

10  Agreement, contribution payments are due on the 15th day of each month (following the month in

11  which the employees worked) and become "delinquent" if not received before midnight of the 25th

12  day.  The Agreement also provides that liquidated damages shall be assessed on any delinquent

13  payment in an amount of $35 or 15 percent of the amount due and unpaid, whichever is greater.

14  Liquidated damages are assessed and become due on the day immediately following the delinquent

15  date.  Thereafter, these damages are added to the total amount due and unpaid, and the entire sum

16  bears interest at a rate of 12 percent.

17         In their Complaint, plaintiffs contend that Baker failed to pay contributions for work

18  performed by its employees during the period of February of 2009 to October of 2009.  They

19  explain that they are entitled to liquidated damages and interest for unpaid contributions owed for

20  this period as well as for the period of December 2008 to January 2009.  In their motion, in contrast,

21  plaintiffs note that the relevant time period runs instead from March of 2009 to November of 2009,

22  though presumably the difference arises only insofar as the former refers to the months for which

23  contributions were owed, and the latter refers to the months on which payments were due

24  (substantively, then, the requests are identical).  The motion also does not appear to incorporate the

25

26  [1] On June 30, 2010, plaintiffs submitted a declaration indicating that the defendant may or may not
    also owe contributions stemming from several months in 2010.  This Order addresses only
27  defendant's failure to pay to the Trust contributions owed for the nine months in 2009 discussed in
    the Complaint.

28                                                                        NO. C 09-6064 RS
                                                                          ORDER

1   December/January damages.  Accordingly, the relief plaintiffs now request is somewhat less than

2   originally pleaded.  In sum, plaintiffs seek to recover unpaid contributions for nine months in 2009,

3   liquidated damages in the amount of either $35 or 15 percent of the contribution owed arising from

4   delinquency, and interest levied at a rate of 12 percent per annum on the entire balance owed.  With

5   interest calculated on May 25, 2010 (roughly two days prior to the motion's filing), this figure

6   amounted to $43,377.66.  Plaintiffs also seek attorney's fees and costs totaling $6,768.83.  They

7   seek a total recovery of $50,146.59.

8

9                                           III.  LEGAL STANDARD

10          Following entry of default, a district court may in its discretion grant default judgment.  *See*

11   Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors that a district

12   court may consider in exercising its discretion include: (1) the possibility of prejudice to the

13   plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)

14   the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)

15   whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal

16   Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72

17   (9th Cir. 1986).

18          Moreover, factual allegations detailed in the complaint are taken as true, except for those

19   allegations relating to damages.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.

20   1987).  "A party seeking default judgment must state a claim upon which it may recover."  *Philip*

21   *Morris USA*, 219 F.R.D. 494, 501 (C.D. Cal. 2003).  A plaintiff must also prove all damages sought

22   in the complaint.  *Id.* at 498; *see also* Fed. R. Civ. P. 55(b)(2) ("In determining damages, a court can

23   rely on the declarations submitted by the plaintiff.").

24                                            IV.  DISCUSSION

25          A.  Merits of the Claim, Sufficiency of the Complaint and Prejudice to Plaintiff

26          ERISA section 1145 provides that every employer who is obligated to make contributions

27   under the terms of a collective bargaining agreement must make them in accordance with that

28                                                                              No. C 09-6064 RS
                                                                              ORDER

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1    agreement.  29 U.S.C. § 1145.  In their Complaint, plaintiffs contend Baker failed to make

2    contributions for work performed by its employees for the period of March 2009 through November

3    2009 as required by their Agreement.  Accordingly, they have adequately pleaded that Baker

4    violated its statutory duty under ERISA.  Failure to impose a judgment here would risk prejudice to

5    the plaintiffs as it is not at all clear how the Trust can otherwise recover the unpaid contributions.

6           Section 1132(g), in turn, states that in an action to enforce payment of delinquent

7    contributions, the court shall award the plan: (a) the unpaid contributions; (b) interest on the unpaid

8    contributions; (c) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii)

9    liquidated damages provided for under the plan in an amount not in excess of 20 percent of the

10   amount determined by the court under section (a); (d) reasonable attorney's fees and costs.  29

11   U.S.C. § 1132(g)(2).  A plaintiff is entitled to an award of liquidated damages under 1132(g)(2) if

12   the following requirements are satisfied: (1) the employer is delinquent at the time the action is

13   filed; (2) the district court enters a judgment against the employer; and (3) the plan provides for such

14   an award.  *Plumbers & Pipefitters Nat'l Pension Fund v. Eldridge*, 232 Fed. Appx. 680, 683 (9th

15   Cir. 2007).

16          Here, plaintiffs have alleged that Baker failed to make contributions at the time the

17   Complaint was filed and also that the Agreement contemplated an award of liquidated damages.

18   Specifically, the Agreement provides that liquidated damages in an amount of $35 or 15 percent of

19   the unpaid contribution shall be levied for delinquent payments.  Moreover, these damages are

20   added to unpaid contributions; the Agreement provides that the entire amount is subject to interest at

21   a rate of 12% per annum until paid in full.  Here, plaintiffs provide detailed charts of the

22   contributions owed each month.  The liquidated damages they request as well as their calculations

23   with interest follow the formulas provided for in the Agreement.  As the 15 percent figure falls

24   below the maximum level allowed under ERISA (20 percent), it is consistent with the statute.

25          B.  Potential Disputes of Material Fact, Excusable Neglect, Sum of Money at Stake

26          The greatest cause for concern in a case like this is surely that defendants would wish to

27   contest the listed amounts of unpaid contributions.  Although the plaintiffs did cite the exact months

28
                                                                                          No. C 09-6064 RS
                                                                                          ORDER

United States District Court

For the Northern District of California

1   where contributions were owing and did refer to the provisions in the Agreement outlining the

2   liquidated damage and interest formulas, plaintiffs did not include in the Complaint the numerical

3   contribution figures detailed in the motion and supporting documents.  That said, plaintiffs do

4   contend that, prior to filing the Complaint, they mailed to Baker a graphic table detailing the precise

5   relief requested in the Complaint.  They submit a copy of this letter with their motion.  It is nearly

6   identical to the table plaintiffs submit in their motion but actually demands a higher total figure (in

7   light of the December and January contributions mentioned in the Complaint but excised from the

8   relief ultimately requested).  This notification also suggests defendants' failures to appear or defend

9   the case do not arise from excusable neglect.  Not only is it clear from the record that they were duly

10  served with both the Complaint and the instant motion, plaintiffs also apparently gave advance

11  warning of their intent to pursue the litigation to recover the unpaid contributions.  Finally,

12  defendants were required to maintain reports of all monthly contributions owed and presumably

13  were aware even before the filing of the Complaint of the amounts plaintiffs would request.

14      A related concern, though, arises with respect to the sum requested for attorney's fees.

15  Although both the relevant ERISA section and the Agreement contemplate an award of reasonable

16  attorney fees, the sheer number of hours plaintiffs' attorneys claim to have spent on this case raises a

17  question of reasonableness.  Plaintiffs request $6,019.50 in exchange for roughly 40.6 hours of

18  attorney work employed in the development of the seven-page Complaint and the instant motion

19  and two declarations that accompany it.  One of these declarations explains and calculates the

20  requested attorney fees.  This declaration does not detail exactly how these 40.6 hours were

21  allocated.

22      In light of the substance and context of the work involved, 40.6 hours seems unreasonable.

23  *See, e.g.*, *Bay Area Painters v. Alta Specialty*, No. 06-06996, 2008 WL 114931, at \*6 (N.D. Cal.

24  Jan. 10, 2008) (rejecting as excessive plea for roughly 14 hours of legal work in factually and

25  procedurally similar default judgment in ERISA contribution case).  In light of the Complaint's

26  length and the legal issues involved, it would not seem to require more than several hours of legal

27  work, with the motion and associated investigation similarly quite limited.  Calculated at Mr.

28

NO. C 09-6064 RS
ORDER

**United States District Court**
For the Northern District of California

1   Williams' hourly rate ($180), 20 hours seems more appropriate, thereby resulting in a recovery of

2   $3,600.  Plaintiffs' estimate of costs totals $749.33.  The figure represents filing fees and costs

3   associated with service of process and appears reasonable.

4           C.   Strong Policy Favoring Decisions on the Merits

5         The Federal Rules espouse a preference for resolving cases on their merits.  *See Eitel*, 782

6   F.2d at 1472.  Here, defendants have been aware of this litigation from at least the date the

7   Complaint was filed.  As plaintiffs indicate, they were made fully aware of the recovery plaintiffs

8   request before that date.  Even so, defendants have failed to respond meaningfully in any way.  A

9   decision on the merits is likely impossible.

10                            V.   CONCLUSION

11        With the exception of a policy favoring decisions on the merits, all other *Eitel* factors favor

12  entry of default and it should therefore be granted.  As to damages, interest shall be calculated as

13  requested by plaintiffs up to May 25, 2010 and attorney's fees shall be reduced to $3,600.

14  Plaintiffs' recovery is therefore awarded in the amount of $47,726.99.

15

16

17        IT IS SO ORDERED.

18

19  Dated: 07/02/2010

20                                   RICHARD SEEBORG
                                     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28                                              No. C 09-6064 RS
                                                ORDER